UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN NEUNZIG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No.  5:23-cv-04541-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

　　　Pro se plaintiff Steven Neunzig brings this action against the government seeking recovery of an allegedly overpaid income tax. Before the Court is the government's motion to dismiss the suit as moot. Neunzig has not filed any opposition to the government's motion. For the following reasons, the Court grants the motion to dismiss.

## BACKGROUND

　　　Neunzig filed this suit against the government under 26 U.S.C. § 7422 seeking to recover an allegedly overpaid federal income tax. Dkt. No. 1. Specifically, Neunzig alleges that in tax year 2016 he overpaid his federal income tax by $9,055. He seeks to recover that amount plus any applicable interest, attorney's fees, and costs. *Id.*

　　　On February 14, 2024, the government offered to provide Neunzig with a $9,055 refund and with interest accruing from the date he filed his refund claim. Dkt. No. 16. The government notified Neunzig that its concession would not include attorney's fees. Neunzig informed the government that he would need to consult with someone before deciding whether to accept the offer and stated that he sought $9,500, not $9,055. The parties agreed to continue their discussions.

　　　Over the following months, the government made several efforts to contact Neunzig by voicemail, email, and letter, all to no avail. *Id*. In May 2024, Neunzig informed the government

1    that he intended to respond to its outreach. Dkt. No. 20. On May 24, the government filed a status
2    report with the Court stating that if it did not receive a substantive response from Neunzig by June
3    7, 2024, it would proceed to issue the refund check in the amount of $9,055 with interest accruing
4    from the date he filed his refund claim, and that it would move to dismiss his case as moot within
5    30 days of issuing the check. *Id.*

6    On July 30, 2024, the IRS issued Neunzig a refund in the amount of $9,055 plus interest,
7    totaling $11,050.47. On August 13, 2024, the government notified Neunzig that the check had
8    been delivered to his address and asked whether he would stipulate to dismiss the case. Neunzig
9    did not respond.

10   On October 3, 2024, the government moved to dismiss Neunzig's claims as moot. Neunzig
11   has filed no response.

## LEGAL STANDARD

Article III authorizes federal courts to decide cases or controversies only where parties have a personal stake. At the outset of litigation, plaintiffs must establish that they have standing by showing: (1) that they "suffered an injury in fact that is concrete, particularized, and actual or imminent"; (2) "that the injury was likely caused by the defendant"; and (3) "that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

The "controversy must exist ... through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (cleaned up). "A case becomes moot ... when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *id.* at 91,—in other words, when the "court finds that it can no longer provide a plaintiff with any effectual relief," *Uzuegbunam v. Preczewski*, 592 U.S. 792, 796 (2021). But "[a]s long as the parties have a concrete interest, however small, in the outcome..., the case is not moot." *Knox v. SEIU Loc. 1000*, 567 U.S. 298, 307–08 (2012).

Plaintiffs must establish standing at the start, but once a case is underway the burden flips to the party asserting mootness to "establish[ ] that there is no effective relief that the court can provide." *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006).

**ANALYSIS**

There is no remaining case or controversy here. The government has conceded that Neunzig was entitled to repayment of his overpaid taxes for 2016 and has issued him a check in the amount for which he sought repayment in his complaint. Neunzig has not opposed the government's motion to dismiss or contended that he will refrain from depositing the check. Further, Neunzig is not entitled to attorney's fees in this action because he is representing himself. *See Corrigan v. United States*, 27 F.3d 436, 438 (9th Cir. 1994). Nor is he entitled to costs. Under 26 U.S.C. § 7430(c)(4)(B)(i), the government is not liable for costs if its position is substantially justified, and its position is substantially justified where it concedes the relief sought before its answer. *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1110–11 (9th Cir. 2007).

The record before the Court thus shows that there is no effectual relief that the Court can provide to Neunzig.

**CONCLUSION**

For the foregoing reasons, the Court grants the government's motion to dismiss.

**IT IS SO ORDERED.**

Dated: November 12, 2024

P. Casey Pitts
United States District Judge